**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IGNACIO MARTINEZ, #05051252,** )<br>      Plaintiff,                 )<br>                                      )<br>**v.**                                ) <br>                                      )<br>**BILL HILL, et al.,**           )<br>      Defendants.            ) | **3:05-CV-1655-N**<br>**ECF** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on January 12, 2006, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Dallas County Jail in Dallas, Texas. Defendants are Dallas County District Attorney Bill Hill, Dallas County Sheriff Lupe Valdez, and State District Judge Janice Warder. The Court did not issue process in this case, pending preliminary screening. On January 19, 2006, the Court issued a questionnaire to Plaintiff who filed his answers on January 26, 2006.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, seeks to sue Defendants for Plaintiff's incarceration since June 2005 on a charge of sexual assault in cause number F05-54184. (Complaint at 4 and Answer to Question 1). Plaintiff

alleges Defendants have failed to appoint him an attorney or schedule him for a court hearing since his initial appearance on June 29, 2005. (Id.). He states that he does not speak or understand English, that he lacks the ability to seek assistance, and that the alleged victim has been his wife/fiancee for the last seven months. (Complaint at 4). Plaintiff requests injunctive, declaratory and monetary relief. He also seeks to be released from confinement. (Id.).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff requests declaratory and injunctive relief in the form of an investigation and an order releasing him from confinement. (Complaint at 4). He is dissatisfied with the state court's failure to appoint him an attorney and schedule his case for a court hearing. This Court lacks the authority to order any investigation. Insofar as Plaintiff requests release from confinement or a speedy trial, his claims are cognizable only in a habeas corpus action pursuant to 28 U.S.C. §

2

2241, *et. seq.* See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement."); see also Wilkinson v. Dotson, ___ U.S. ___, 125 S.Ct. 1242, 1245 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

The claims for monetary relief against District Attorney Bill Hill and Sheriff Lupe Valdez lack an arguable basis in law. Plaintiff seeks to sue Hill and Valdez merely because of their respective titles as Dallas County District Attorney and Sheriff. He has failed to allege that either Hill or Valdez was personally involved in any constitutional deprivation other than for being the District Attorney and Sheriff for Dallas County since the time Plaintiff was indicted and incarcerated. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same).

Alternatively any claim for monetary damages against District Attorney Hill is barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit

3

for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. See Kalina v. Fletcher, 522 U.S. 118, 129 (1997); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Esteves v. Brock, 106 F.3d 674, 676 (5th Cir. 1997).

Any claim for monetary damages against Judge Janice Warder is also barred by the doctrine of absolute immunity. According to Plaintiff, Judge Warder failed to appoint him an attorney and schedule his case for a court hearing during the last seven months. It is self-evident that any action taken by Judge Warder with respect to Plaintiff's confinement and the alleged failure to appoint counsel occurred in Judge Warder's capacity and function as a judge, which in and of itself renders her immune from a suit for monetary damages. Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995). Therefore, Plaintiff's claims against Judge Warder should be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims for declaratory and injunctive relief, seeking an investigation and release from confinement, be dismissed without prejudice to Plaintiff reasserting them in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq*.

It is further recommended that Plaintiff's claims against District Attorney Bill Hill be dismissed with prejudice as frivolous and for seeking monetary relief against a defendant who is immune from such relief, see 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii),

that the claims against Sheriff Lupe Valdez be dismissed with prejudice as frivolous, see 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and that the claims against Judge Janice Warder be dismissed with prejudice for seeking monetary relief against a defendant who is immune from such relief, see 28 U.S.C. §§ 1915A(b)(2) and 1915(e)(2)(B)(iii).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of January, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.